# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | | |
|---|---|---|
| ISRAEL VELA | § | |
| VS. | § | CIVIL ACTION NO. 1:22-CV-33 |
| DIRECTOR, TDCJ-CID | § | |

## MEMORANDUM OPINION AND ORDER
## PARTIALLY ADOPTING REPORT AND RECOMMENDATION

Petitioner, Israel Vela, a prisoner currently confined at the Stiles Unit with the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends this action be dismissed as improvidently filed (doc. # 2).

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the records, and pleadings. Petitioner filed objections to the Report and Recommendation of United States Magistrate Judge (doc. # 4). This requires a *de novo* review of the objections in relation to the pleadings and applicable law. *See* FED. R. CIV. P. 72(b).

The Magistrate Judge recommended dismissal of this habeas petition as improvidently filed as the petition was filed on the form Application for a Writ of Habeas Corpus Seeking Relief from Final Felony Conviction Under Code of Criminal Procedure Article 11.07 (doc. # 2). An independent review of the website for the Texas Court of Criminal Appeals revealed that Petitioner had not filed an application for state habeas review either.

In his Objections, Petitioner states he has filed a state application for writ of habeas corpus but it has yet to be acknowledged by the District Court Clerk. Petitioner argues that he filed the state

application also in federal court on the assumption his state application may have gotten lost in the mail. Petitioner states it is his intent to challenge the denial of his parole request in federal court.

Petitioner, however, concedes he has not properly exhausted his state court remedies. Under Texas law, it appears that although the decision to grant parole is within the sound discretion of the Texas Board of Pardons and Paroles, complaints regarding the denial of constitutional or statutory rights in consideration of parole may be raised by way of writ of habeas corpus under article 11.07. *See Roy v. Quarterman*, 2008 WL 1815304, *3 (S.D. Tex. Apr. 22, 2008) (citing *Ex parte Geiken*, 28 S.W.3d 553, 556-57 (Tex. Crim. App. 2000)). Another independent review of the website for the Texas Court of Criminal Appeals reveals that Petitioner has not subjected his denial of parole to state habeas review.[1] Petitioner has also not demonstrated there is no available corrective process in state court or that there are circumstances that render such process ineffective. *Id*. (citing 28 U.S.C. § 2254(b)(1)(B)).

## ORDER

Accordingly, petitioner's objections are OVERRULED. The findings of fact and conclusions of law of the Magistrate Judge are correct, and the report of the Magistrate Judge is PARTIALLY ADOPTED to the extent it recommends dismissing the habeas petition. A Final Judgment will be entered in accordance with the recommendations of the Magistrate Judge.

Furthermore, the Court is of the opinion that Petitioner is not entitled to a certificate of appealability. An appeal from a judgment denying post-conviction collateral relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253. The standard for a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the petitioner need not establish that he would prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the

---

[1] https://search.txcourts.gov/CaseSearch.aspx?coa=coscca&s=c

questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

In this case, Petitioner has not shown that any of the issues would be subject to debate among jurists of reason. The questions presented are not worthy of encouragement to proceed further. Therefore, Petitioner has failed to make a sufficient showing to merit the issuance of certificate of appealability. Accordingly, a certificate of appealability will not be issued.

**SIGNED this 21st day of September, 2022.**

Michael J. Truncale
United States District Judge